# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gordon Stevens, individually and as the representative of a class of similarly situated persons, and on behalf of the SEI Capital Accumulation Plan,<br><br>Plaintiff,<br><br>v.<br><br>SEI Investments Company, SEI Investments Management Corporation, SEI Capital Accumulation Plan Design Committee, SEI Capital Accumulation Plan Investment Committee, SEI Capital Accumulation Plan Administration Committee, and John Does 1-30,<br><br>Defendants. | Case No. 2:18-cv-04205-NIQA<br><br><br>**ORDER ON PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

**AND NOW**, this 26th day of February 2020, upon consideration of Plaintiff's Motion for Final Approval of the Class Action Settlement (herein the "Settlement Agreement" or "Settlement") in the above matter, and the parties' arguments at the final approval hearing held on December 18, 2019, and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby **ORDERED** as follows:

1. For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the Settlement Class.

3. The Court confirms the certification of the following Settlement Class under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of the Settlement:

> All persons who participated in the SEI Capital Accumulation Plan, including all Beneficiaries and Alternate Payees, at any time from September 27, 2012 through June 30, 2019, excluding persons who were members during the Class Period of the SEI Capital Accumulation Plan Investment Committee.

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1) for the reasons set forth in its prior Preliminary Approval of Class Action Settlement Order (ECF No. 40).

4. Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action.

5. The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

6. In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator (Analytics Consulting LLC), Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In total, 2.65% were ultimately returned as undeliverable. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq. ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

7. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, consistent with Rule 23 and due process.

8. The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

   A. The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

   B. The Settlement was negotiated only after Class Counsel and Defendants had conducted mediation and Class Counsel received pre-mediation discovery containing pertinent information and documents from Defendants;

   C. The Settling Parties were well positioned to evaluate the value of the Class Action;

   D. If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

   E. The amount of the Settlement ($6,800,000) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

   F. The Class Representative participated in the Class Action, fulfilled his responsibilities as a class representative, and retained competent and experienced Class Counsel to represent the class;

   G. The Class Representative and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

   H. Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court;

I. There were no objections to the Settlement. The only objection related to Class Counsel's requested attorneys' fees. The Court has considered such objection, and it does not affect the Court's determination that the Settlement is fair, reasonable, and adequate; and

J. The Settlement was reviewed by an independent fiduciary, Fiduciary Counselors Inc., who has approved the Settlement.

9. The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the settlement of the Class Action is **APPROVED** as fair, reasonable and adequate to the Plan and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

10. The Complaint and all Released Claims asserted therein, whether asserted by the Class Representative on his own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement.

11. The Class Representative and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form,

4

whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

12. The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Action and the Released Claims.

13. Each Class Member shall release Defendants, Defense Counsel, Class Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and/or the Settlement Agreement.

15. The Court finds that all applicable CAFA requirements have been satisfied.

16. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant pursuant to the Plan of Allocation approved by the Court.

17. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

18. Within twenty-eight (28) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

19. Upon the Effective Date of this Order under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED.**

Dated: FEB. 26, 2020

/s/ Nitza I. Quiñones Alejandro
Hon. Nitza I. Quiñones-Alejandro
United States District Judge